UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDINE E. SLAUGHTER )<br>)<br>     **Plaintiff,** )<br> v. )<br>)<br>)<br>MARY E. PETERS, )<br>Secretary, )<br>U.S. Department of Transportation )<br>)<br>     **Defendant.** )<br>                 ) | Civil Action No. 07-Cv-02201(ESH)<br>(ECF) |

**JOINT REPORT PURSUANT TO RULE 16.3**

  Pursuant to LCvR 16.3, the parties hereby report to the Court that counsel for the parties conferred by telephone on March 21, 2008. As a consequence of this conference, the parties, by and through undersigned counsel, hereby report to the Court as follows:

**A. Defendant's Statement of Facts**: Plaintiff (Judine E. Slaughter) is a GS-11 Program Analyst with the Program Analysis Staff in the Office of Rulemaking, Aviation Safety, Federal Aviation Administration (FAA). Plaintiff alleges that she was discriminated against based on her race (African American) when her duties pertaining to Automation Exemptions Systems (AES) were reassigned. Plaintiff also alleges that she was discriminated against when a desk audit indicated that her position did not merit a higher grade.

 (1) **Defendant's Defenses:** It is the defendant's position that plaintiff failed to exhaust her administrative remedies in that she failed to timely contact an EEO counselor. It is also defendant's position that there are legitimate non-discriminatory reasons for the actions taken.

**B. Plaintiff's Statement of Facts:** Plaintiff (Judine E. Slaughter) is a GS-11 Program Analyst with the Program Analysis Staff in the Office of Rulemaking, Aviation Safety, Federal Aviation Administration (FAA). Plaintiff alleges she was discriminated against based on her race (African American) when her duties pertaining to Automation Exemptions Systems (AES) were reassigned. Plaintiff also alleges that she was discriminated against when a desk audit indicated that her position did not merit a higher grade.

(1) **Plaintiff's Claims**: It is the Plaintiff's position that the Defendant used race to determine promotion potential of duties and for assignment of duties. It is also the Plaintiff's position that the Defendant willfully withheld documentation.

**(1)   Dispositive Motions.**

At this point, the Plaintiff believes the case cannot be resolved by dispositive motion. The Defendant believes the case can be resolved by a dispositive motion. Defendant intends to file a motion and believes discovery should be stayed until such motion is filled. There are no pending motions.

**(2)   a.   Deadline for Joining Additional Parties or Amending Pleadings.** Neither party anticipates joining additional parties or amending their pleadings, but agree to do so within 90 days from the date of the Initial Scheduling Conference, if needed. Plaintiff and Defendant believe that the legal or factual issues can be narrowed at this time.

   **b.   Agreement as to Factual and Legal Issues:** Whether Plaintiff was unlawfully discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* when her duties pertaining to Automation Exemption Systems (AES)

were reassigned and when a desk audit indicated that her position did not merit a higher grade.

**(3)     Assignment to Magistrate Judge.**  Plaintiff has no objections to assignment to a Magistrate Judge.  Defendant also does not have an objection to the assignment of this case to an Magistrate Judge for all purposes.

**(4)     Prospects of Settlement.**   It is unclear at this time whether the case can be settled, but the parties are willing to discuss the possibility of settlement, although the Defendant believes that settlement discussions are premature at this time.

**(5)     Alternate Dispute Resolution (ADR).**  The parties are willing to discuss the possibility of alternate dispute resolution, but the Defendant believes that ADR discussions may not be effective at this juncture.

**(6)     Resolution by Motion.**  At this point, the Plaintiff does not believe this case can be decided by dispositive motion.  The Defendant intends to file a pre-discovery dispositive motion.  If a motion for summary judgement is to be filed after discovery, the parties agree that any such motion should be due 30 days after the close of discovery; that oppositions or cross-motions be filed 30 days thereafter, and any replies be filed 20 days after the filing of the oppositions or cross-motions.

**(7)     Initial Disclosures.**  The parties agree that Initial Disclosures should be exchanged as required by Fed. R. Civ. P. 26(a)(1).

**(8)     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is necessary; and a date for completion of all discovery.**  The parties request four months to complete discovery.  The parties agree that each party should be limited to seven depositions and twenty five each of

interrogatories, requests for production of documents and requests for admissions.  The Plaintiff would like to have a limit of 45 admissions. The Defendant does not agree to a limit of 45 admissions.   The Defendant also states that a Privacy Act protective order will be necessary due to the nature of documents that may be sought in discovery.  The Plaintiff does not believe that a Privacy Act protective order will be necessary.

**(9)** **Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F. R. Civ. P., should be modified, and whether and when depositions of experts should occur.**  The parties do not believe the requirements of Fed. R. Civ. P. 26(a)(2), should be modified.

**(10)** **Class Action Procedures.**  Not applicable.

**(11)** **Bifurcation of Trial and/or Discovery.**  Neither discovery nor trial should be bifurcated.

**(12)** **Date for Pretrial Conference.**  The parties request that the Court set a pretrial conference date 30 days after any post-discovery dispositive motions have been ruled upon.

**(13)** **Trial Date.**  The parties request that a trial date be set at the pretrial conference.

**(14)** **Other Matters.**  None.

Respectfully submitted,

_/s/with authorization_____  
Judine E. Slaughter    .  
6104 Osborn Rd.  
Cheverly, MD. 20785

*Plaintiff*

_____/s/_____  
JEFFREY A. TAYLOR  
D.C. Bar # 488610  
United States Attorney

_____/s/_____  
RUDOLPH CONTRERAS  
D.C. Bar # 434122  
Assistant United States Attorney

_____/s/_____  
Raymond A. Martinez TX Bar # 13144015  
Assistant United States Attorney  
Judiciary Center Building, Rm. E4208  
555 Fourth Street, N.W.  
Washington, D.C. 20530  
(202) 305-4851

*Attorneys for Defendant*

**Certificate Of Service**

I certify that on this 1st day of April I caused the above and forgoing Joint report pursuant to 16.3 to be mailed postage paid to:


Judine E. Slaughter
6104 Osborn Rd.
Cheverly, MD. 20785