UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Judine E. Slaughter, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-cv-02201 (JMF) |
| ) | ECF |
| Mary E. Peters, Secretary ) | |
| U.S. Department of Transportation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL INFORMATION AND
OBJECTION TO DEFENDANT'S MOTION TO DISMISS**

Defendant, U.S. Department of Transportation (DOT), by and through undersigned counsel, hereby replies to Plaintiff's opposition to Defendant's Motion to Dismiss, for the reasons explained in Defendant's Motion, and as further explained below, this case should be dismissed for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted, because Plaintiff failed to exhaust her administrative remedies.

**INTRODUCTION**

Plaintiff alleges that DOT discriminated against her on the basis of race (African American) when: (1) she became aware that her duties pertaining to the Automated Exemption System (AES) were being reassigned to Ms. Nancy Trembly (Office of Rulemaking, Caucasian, GS-14 employee), and (2) when the Plaintiff received the results of a desk audit which did not support an upgraded position. (See Complaint p.1, Ct. Doc.1). Defendant filed a Motion to Dismiss on May 22, 2008. (See Ct. Doc. No. 13). In that Motion, Defendant argued that Plaintiff failed to timely exhaust her administrative remedy because she did not contact an EEO counselor within 45 days of the alleged discrimination. (See 29 CFR §1614.105 (a)(1)). Therefore,

Plaintiff's complaint should be dismissed either for lack of subject matter jurisdiction (Fed.R. Civ.P. 12(b)(1)) or for failure to state a claim (Fed. R. Civ. P. 12(b)(6)). Plaintiff filed an opposition to Defendant's Motion titled as "Supplemental Information and Objection To Defendant's Motion To Dismiss". (See Ct. Doc. No. 15). In Plaintiff's opposition, she restates her allegations of discrimination and then lists in numbered paragraphs background information about her educational and work related experiences, and then alleges that there are no statements from Mr. Fazio, one of Plaintiff's supervisors, that the Plaintiff had actual or constructive knowledge of the reassignment before May 2006. In regards to the desk audit in issue, Plaintiff in her opposition to Defendant's Motion to Dismiss states that on January 26, 2006 she read information related to the desk audit conducted by Agnes Brooks and sent a e-mail to Ms. Brooks with additional information.(See Ct Doc.15, pg.2, ¶5, Plaintiff's Supplemental Information)   However, regardless of Plaintiff's assertion that there are no statements from Mr. Fazio regarding Plaintiff's actual or constructive knowledge of the reassignment of her duties to Nancy Trembly, the time period in which this allegedly occurred would be between November 2004 to March 2005 when Ms. Trembly was the acting manager. Plaintiff did not contact the EEO office until June 13, 2006. Additionally, Plaintiff confirms in her opposition that she read information from Agnes Brooks related to her desk audit on January 26, 2006. (Id.). That information did not support an upgrade of her position. Plaintiff did not contact the EEO office until June 13, 2006, well beyond the 45 day period to seek EEO counseling. Thus, Plaintiff failed to timely exhaust her administrative remedy and Defendant's Motion to Dismiss should be granted.

**A.    The complaint must be dismissed due to Plaintiff's failure to timely contact an EEO Counselor within 45 days of the assignment of duties**

Generally, federal employees must exhaust remedies available through administrative processes before calling on the federal courts for aid.  See generally National Railroad Passenger Corp. v . Morgan, 536 U.S. 101 (2002); Bayer v. US Department of Treasury, 956 F.2d 330, 332 (D.C. Cir. 1992).  Accordingly, a plaintiff must bring an administrative complaint to an EEO Counselor within 45 days of the alleged personnel action or risk losing the right to bring that claim before a federal court.  Nurriddin v. Goldin, 382 F. Supp. 2d. 79, 92- 93 (D.D.C. 2005). The trigger for the 45 day period is when the individual discovers the injury, i.e, knew or through the exercise of reasonable diligence should have known of the discriminatory nature of the practice, it is the actual or constructive knowledge of the practice that triggers the 45 days. See Delaware State College v. Ricks, 449 US 250, 257 (1980) (finding that injury occurred when notified of denial of tenure decision and not when actually terminated).

In this case, Plaintiff contends that in November 2004 when Nancy Trembley became the Acting Manager of the Program Analysis Staff, Ms. Trembly assumed responsibility for the AES.  (See Ct. Doc. 13,  Ex.13 pg.2 ¶2).  In addition, Plaintiff contends that upon Ms. Trembley's assumption of the Acting Manager role, she assisted the secretaries with their concerns and problems with the AES instead of Plaintiff. (Id.)   Moreover, in her rebuttal to Ms. Trembley's assertion of not having reassigned and/or performed any of Plaintiff's duties, Plaintiff contended that  Ms. "Trembley's fact finding and making recommendations to improve the functionality of the database was (sic) very similar to the duties plaintiff provided when the exemption data was migrated from the previous database to AES."  (See Ct. Doc 13, Ex. 13a pg 2. ¶2.).  In other words, Plaintiff clearly believed prior to March 2005, when Ms. Trembley was

3

no longer the Acting Manager of the Program Analysis Staff, that Ms. Trembley had assumed her responsibilities with regard to the AES system.  This belief is evidence of Plaintiff's awareness of an alleged injury.  See e.g., Delaware State College, 449 US at 257 (finding that injury occurred when notified of denial of tenure decision and not when actually terminated).  The staff meeting in May 2005, where Plaintiff alleges that Ms. Trembley announced that she wanted the AES software installed on her computer, only served to confirm what Plaintiff already suspected.  Plaintiff was under an obligation to exercise due diligence and protect her rights upon becoming aware of an alleged injury.  She failed to do so.  As a result, she has failed to properly exhaust her administrative remedies since she did not timely contact an EEO Counselor upon becoming aware of her alleged injury; therefore, her claim may not be considered by this Court. Nurridin, 382 F. Supp. 2d at 92-93.  Additionally, Ms. Trembly was Acting Manager for the Program Management Staff from November 2004 to March 2005. (See Ct. Doc. 13 Ex. No.14).  The latest time that Ms. Trembly could have reassigned Plaintiff's duties would have been March 2005.  Plaintiff did not contact the EEO office until June 13, 2006 more than a year later, rendering her complaint untimely. (See Ex.1 pg. 2 EEO counselor's report).

      **B.**    **The complaint must be dismissed due to the her failure to contact an EEO counselor within 45 days in regards to the desk audit.**

On January 26, 2006, Plaintiff read the desk audit report for her position. (See Ct. Doc. 13 Ex.2).  Plaintiff in her opposition confirms this date. (See Ct. Doc. 15, pg. 2 ¶5). Plaintiff also states in her opposition that she sent another e-mail to Ms. Agnes Brooks[1] on February 27, 2006

---

[1] Ms. Brooks was the Human Resource specialist who conducted the desk audit in issue which determined that Plaintiff's position did not support an upgrade.

4

for final review. (See Id. Pg. 2, ¶5). However, regardless of the subsequent e-mail to Agnes Brooks in February of 2006, Plaintiff was on notice as to the results of the desk audit report as of January 26, 2006. The report clearly stated that the functions that Plaintiff was performing were properly classified as a FG-343-11. (See Ct. Doc. 13 Ex. 3) In other words, a reading of the report provided ample notice that she would not receive a promotion based on the results of the desk audit. See e.g., Delaware State College, 449 US at 257 (finding that injury occurred when notified of denial of tenure decision and not when actually terminated). Yet, Plaintiff waited more than six months or more than 135 days beyond the 45 day period after receiving this notice to contact an EEO Counselor. Therefore, Plaintiff's contact with the EEO Counselor was untimely. See e.g. Nurriddin, 382 F. Supp. 2d. at 92- 93 (holding that a plaintiff must bring an administrative complaint to an EEO Counselor within 45 days of the alleged personnel action or risk losing the right to bring that claim before a federal court.)

## **CONCLUSION**

For the above reasons and for the reasons outlined in Defendant's Motion To Dismiss filed on May 22, 2008, (Ct. Doc. No.13), Defendant requests that Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted

/s/
JEFFREY A. TAYLOR, DC Bar #489610
United States Attorney

>              /s/
> RUDOLPH CONTRERAS, DC Bar #434122
> Assistant United States Attorney
>
>              /s/
> Raymond A. Martinez, Tx. Bar No. 13144014
> Assistant United States Attorney
> Judiciary Center Building - Civil Division
> 555 Fourth Street, N.W. - Room E-4218
> Washington, D.C. 20530
> (202) 514-9150
> Counsel for the Defendant

CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of June I caused the foregoing Motion to be served on Plaintiff, **Judine Slaughter,** via first class mail, postage prepaid addressed as follows:

Judine Slaughter
6104 Osborn Rd.
Cheverly, MD. 20785

                                                          __/s/_____
                                                          Raymond A. Martinez
                                                          Special Assistant United States Attorney
                                                          555 4th Street, NW
                                                          Washington, DC 20530
                                                          (202) 514-9150