UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUDINE E. SLAUGHTER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-2201 (JMF) |
| MARY E. PETERS, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Judine Slaughter brings this action alleging that she was discriminated against on the basis of her race (African-American). Specifically, she argues that some of her duties were reassigned to a Caucasian co-worker, and that she was denied a promotion despite performing the same duties as other Caucasian co-workers. Defendant now moves to dismiss plaintiff's claims either for lack of subject matter jurisdiction, or, alternatively, for failure to state a claim.

**I.   Background.**

Plaintiff began working for the Federal Aviation Administration in the Office of Rulemaking in June 2000. Judine Slaughter's Unofficial Timeline for Discriminatory Events [#1-1] ("Timeline") at 51. Plaintiff's position was a full-time temporary position that was not to exceed two years. Id. In May 2002, her position was extended for three more years. Id. at 52. In February 2004 her position was converted to a permanent position. Id. at 53. During the period from September 2001 to October 2004, plaintiff claims that she served as the administrator of the Automated Exemption System

1

("AES"). Id. at 51. She also trained secretarial staff and assisted with troubleshooting. Complaint [#1] at 2.

Nancy Trembley became the Acting Manager of the Program Analysis Staff, including plaintiff, in November 2004. Office of Rulemaking Program Analysis Staff Role and Responsibilities as of November 30, 2004 [#1-1] at 25. Plaintiff alleges that Trembley took over her responsibilities regarding AES and she found out about the reassignment in May 2006. Complaint at 2.

In December 2004 plaintiff was asked to write a final rule. Timeline at 55. Plaintiff was reportedly surprised to receive this assignment because employees at her level ordinarily only edit rules. Id. Plaintiff wrote the rule and it was published in the Federal Register, where she is listed as the point of contact. Id. In October 2005, plaintiff had her end of the year evaluation with Eve Adams. She asked Adams for a promotion and Adams told her to wait another year. Id. Plaintiff sought a desk audit.

Plaintiff's audit was conducted by Agnes Brooks, who, like the plaintiff, is African-American. Brooks concluded that plaintiff's duties did not support a promotion to the GS-12 level. Evaluation Statement [#1-1] ("Audit") at 1-5. To reach her conclusion, Brooks evaluated plaintiff's duties based on 9 factors: (1) knowledge required by the position; (2) supervisory controls; (3) guidelines; (4) complexity; (5) scope and effect; (6) personal contacts; (7) purpose of contacts; (8) physical demands; and (9) work environment. Id. The Audit was completed on January 25, 2006. Id. at 5. Plaintiff claims that she was notified of the audit results at her evaluation in April 2006. Complaint at 1.

Plaintiff alleges that she timely contacted an EEO officer and eventually filed a

complaint with the following two counts:

> Were you discriminated against based on your race (African American) when:
>
> 1) you became aware on May 16, 2006 that your duties pertaining to the Automation Exemption System were being reassigned to a GS-14 employee; and
>
> 2) In April 2006, you received the results of a desk audit which did not support an upgrade of your position.

Complaint at 1.  Plaintiff also argues that Fazio discriminated against her by belittling her tasks and encouraging his staff to hire Caucasian employees.  She also alleges that her supervisor failed to inform her that she was listed as a Contracting Officer Technical Representative for a project.

## II.   Legal Standards.

### A.  Whether there is a jurisdictional prerequisite.

Defendant brought this motion to dismiss under both Federal Rule of Civil Procedure 12(b)(1) (lack of jurisdiction) and 12(b)(6) (failure to state a claim) on the grounds that plaintiff failed to exhaust her administrative remedies.

A court lacks jurisdiction over the subject matter of a claim because of a claimant's failure to exhaust an administrative remedy only when Congress has made it unequivocally clear that it lacks jurisdiction.  Munsell v. Dept. of Agric., 509 F.3d 572, 580 (D.C. Cir. 2007).

In that case, a statute provided, in pertinent part,  that "a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction." Id. (citing 7 U.S.C.

§ 6912(e)[1]); see also Woodford v. Ngo, 548 U.S. 81, 101 (2006) (finding the following language was not jurisdictional: "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted" from 42 U.S.C. § 1997e(a)).  The court of appeals nevertheless held that the failure of the plaintiff to exhaust his administrative remedies did not deprive the court of jurisdiction over the subject matter of the complaint.  The court stated:

> In the case of the 1994 Reorganization Act, Congress created a threshold requirement that plaintiffs exhaust administrative remedies before bringing an action in court.  There is no doubt that this statutory requirement is mandatory, but there is also nothing to indicate that Congress meant to make the requirement jurisdictional.  Under established precedent, we must assume that an exhaustion requirement is nonjurisdictional unless we find "sweeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion." Avocados Plus [,Inc. v. Veneman], 370 F.3d [1243] at 1248 [(D.C. Cir. 2004)] (internal quotation marks and citations omitted).  Absent a clear direction from Congress, "the exhaustion requirement is treated as an element of the underlying claim." Id.

Id. at 580.

While the controlling statute in this case, 42 U.S.C. § 2000e-16, "contemplates the invocation of administrative remedies as a condition precedent to suits in the federal courts"[2] Congress did not speak to the consequences of the failure to exhaust those remedies, let alone unequivocally indicate that such a failure deprives the court of jurisdiction to hear the unexhausted claim.  Thus, the failure to exhaust administrative remedies is not jurisdictional but instead pertains to whether the complaint fails to state a

---

[1] All references to the United States Code are to the electronic versions that appear in Westlaw or Lexis.

[2] Moody v. Sec'y of the Army, 845 F.2d 1051, 1055 n.6 (D.C. Cir. 1988).

claim because the complaint and any legitimate attachment to it[3] reveal that the claimant did not exhaust her administrative remedies. See Polinger v. United States, 539 F. Supp. 2d 242, 257 (D.D.C. 2008); Marshall v. Honeywell Tech. Solutions, Inc., 536 F. Supp 2d 59, 64 n.6 (D.D.C. 2008); Davis v. United States, No. 05-CV-2474, 2006 WL 2687018 at *6 (D.D.C. Sept. 19, 2006).

### B.   Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted.

In the ordinary case, when evidence outside the pleadings is presented in support of a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the motion would be converted to one for summary judgment. Fed. R. Civ. P. 12(d). However, plaintiff in this case is proceeding pro se, and the court of appeals has held that it is inappropriate to enter summary judgment against a pro se plaintiff without giving the plaintiff notice of the requirements of the summary judgment rule. Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). Accordingly, I have confined my review to plaintiff's complaint.

### III.   Analysis.

Plaintiff alleges that she suffered two adverse actions – failure to promote and reassignment of duties – because she was discriminated against on the basis of her race, African-American. In that respect, her allegations suffice,[4] but as to exhaustion, her complaint is less clear. On pages 4 and 5 of her complaint plaintiff quotes the

---

[3] See Wagener v. SBC Pension Benefit Plan-Non Bargained Program, 407 F.3d 395, 397 (D.C. Cir. 2005); Howard v. Fenty, 580 F. Supp. 2d 86, 90 (D.D.C. 2008) (allowing reference to additional information filed by the plaintiff when plaintiff is proceeding pro se).

[4] See Aktieselskabet AF 21 v. Fame Jeans, Inc., 525 F.2d 8, 12-16 (D.C. Cir. 2008); Beckham v. Nat'l RR Passenger Corp., --- F. Supp. 2d ---, 2008 WL 5159229 at *5 (D.D.C. Dec. 10, 2008).

appropriate regulation (29 C.F.R. § 1614(a)) and then alleges that she was informed of the desk audit within 45 days of a certain date and that posters, issued by the EEOC, were not displayed notifying her of the 45 day limitation "from the date of the personnel action."  Complaint at 5.  She then states that nothing occurred from January to April 2006 that "would otherwise have created a reasonable discriminatory suspicion of the delay" and that "[i]t is an erroneous interpretation of the law" that agency officials "communicated the results of the audit in a timely manner."  Id.

I will construe these allegations liberally in her favor[5] and find that they, for present purposes, allege that she exhausted her administrative remedies.  These allegations are sufficient to survive the defendant's motion and will have to be fleshed out, if the government moves for summary judgment and plaintiff is given her *Fox* warnings.

### IV.   Conclusion.

For the reasons stated herein, defendant's motion will be denied without prejudice to the defendant moving for summary judgment.  If that should occur, I expect the defendant to comply with the requirements of the Local Rule (56.1) that pertains to such a motion and I will give the plaintiff the appropriate *Fox* warning,

An Order accompanies this Memorandum Opinion.


Dated: February 18, 2009                        /S/
                                                JOHN M. FACCIOLA
                                                U.S. MAGISTRATE JUDGE

---

[5] See Warren v. District of Columbia, 353 F.3d 36, 37 (D.C. Cir. 2004).